FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TYON GRANT-FOSTER,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL COLLEGIATE ATHLETICS ASSOCIATION,<br><br>　　　　　　　　　Defendant. | NO: 2:25-CV-0422-TOR<br><br>ORDER REMANDING CASE TO STATE COURT |

BEFORE THE COURT is Plaintiff's Motion to Remand. ECF No. 9. This matter was submitted for consideration without oral argument on an expedited basis. The Court has reviewed the briefing and the record and files herein and is fully informed.

Plaintiff moves this Court for an Order remanding this case to Spokane County Superior Court for lack of subject matter jurisdiction.

ORDER REMANDING CASE TO STATE COURT ~ 1

## DISCUSSION

Title 28 United States Code Section 1441 governs removal of cases from state court to federal court. Generally, a defendant may remove a case to federal court if the federal court would have subject-matter jurisdiction over one or more of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity of citizenship). *See* 28 U.S.C. § 1441(a), (b). Once a case has been properly removed, a federal court must generally entertain all claims over which it has original subject-matter jurisdiction. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996) (noting that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress" in removal proceedings). "Since a defendant may remove a case only if the claim could have been brought in federal court…the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id*. There is a "strong presumption" against removal, and federal jurisdiction must be rejected if there are doubts about the right of removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiff contends that this Court lacks subject matter jurisdiction and accordingly should remand this case back to state court. For reasons articulated herein, the Court agrees.

ORDER REMANDING CASE TO STATE COURT ~ 2

Plaintiff contends that Defendant has not shown that this Court has federal question jurisdiction. Yet, the NCAA did not identify a single federal issue that the Complaint raises. Instead, the only federal issue the NCAA references arises from a defense it apparently plans to assert: that is, that it would violate the United States Constitution to require the NCAA to comply with state antidiscrimination, state consumer protection, and/or state contract law.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction generally exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002).

Here, Plaintiff's complaint only raises state law causes of action. Thus, Plaintiff's properly pleaded complaint, on its face, does not present a federal question giving rise to federal subject matter jurisdiction.

The Court finds that there is no federal jurisdiction. As such, the Court must remand this case back to state court.

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand, ECF No. 9, is **GRANTED**.

ORDER REMANDING CASE TO STATE COURT ~ 3

2. The Court hereby **REMANDS** this case to the Spokane County Superior Court, State of Washington, under cause number 25205060-32, for all further proceedings.

3. All other pending motions are **DENIED**.

The District Court Clerk is directed to enter this Order, provide copies to counsel, <u>mail a certified copy of this Order</u> to the Clerk of the Spokane County Superior Court, and **CLOSE** this file.

**DATED** October 24, 2025.



THOMAS O. RICE
United States District Judge

ORDER REMANDING CASE TO STATE COURT ~ 4